## RUTLAND & BURLINGTON RAILROAD COMPANY v. THE ADMINISTRATOR OF R. M. POWERS.

*Contract.  Absolute gift.  Administrator, his liability and duty.*

Where the intestate, and his wife, in his life time, by indenture with two of his sons, by which they assumed upon themselves certain obligations, among which were the support of the intestate and his wife, and also the payment of $2,500,00, to wit: $500 to the missionary societies, and $2,000 in equal shares, to six children of the intestate; and at the same time, as part of the same transaction, the intestate conveyed by deed, about three hundred acres of land to the said two sons, and they mortgaged back the same, as security for the performance of their obligations in said indenture, and for the payment of said $2,500,00, as aforesaid; and about two years after the above transaction, the intestate subscribed for ten shares, at one hundred dollars per share, of the capital stock of the Rutland & Burlington Railroad Company; but did not in his life time pay anything upon said subscription; and upon the decease of the intestate, the plaintiffs presented their claim, for said subscription, to the commissioners on the estate of the deceased, and the same was allowed, at $1,000, against said estate, and no appeal was taken to the said allowance, and there not being sufficient estate to pay said claim, the plaintiffs claimed, that the administrator should inventory the said real estate, and treat said $2,500,00 as a sum due the estate, *it was held*, 1. That the contract is one, which was not revocable, at the mere will of the intestate in his life time. 2. That the contract is not fraudulent, as to the plaintiffs' debt, as that did not exist, for years subsequently. 3. That the provision for the missionary societies, and the children, being an absolute gift, and chargeable upon the real estate, cannot be regarded as revocable during the life time of the intestate, or dependent upon his death. 4. That the real estate cannot be inventoried as part of the [estate of the deceased. 5.

That the $2,500,00 cannot be regarded as a sum due the estate, and that the administrator is under no obligation to account for this property, in the general settlement of the estate.

APPEAL from a decree of the probate court. The case was referred to a commissioner, who reported the facts substantially as follows: That it was agreed by the parties, that the administrator should, in his account, be charged with the items with which he had charged himself, in the account rendered by him in the probate court for the district of Rutland, amounting to the sum of $167,75; and should be credited with the items which he credited himself in the same account, also amounting to the sum of $167,75.

That on the tenth day of June, 1845, the intestate subscribed for ten shares of the capital stock of the Rutland and Burlington Railroad Co., and at the time of his death, had made no payment on account of his said subscription. The directors of said company duly made assessments for the payment of the full amount of all the subscriptions to the capital stock, and duly notified, and advertised the same. After the decease of the said intestate, and the appointment of commissioners on his estate, the said company presented to said commissioners a claim against said estate for the amount due on said subscription, which was by them allowed against said estate, for its full amount, amounting for said ten shares to the sum of one thousand dollars; and the decision and report of the said commissioners, upon the said claim, was accepted by the probate court, and never appealed from. The said stock, so subscribed for by said intestate, stands on the books of said company, in his name; but nothing has ever been paid on account of said subscription, except so far as the allowance of the said claim against his estate, by said commissioners, may be considered as in the nature of a payment. The stock of said company, at no time since said subscription was made, has been at par value; and at the time when said administrator's account was settled and allowed by the probate court, the value of said stock did not exceed forty-two dollars per share; and its present value is not over sixty dollars per share. On these facts, the commissioners submitted to the county court, whether the said administrator should be charged with said ten shares of said stock, or with any, and what amount, for and on account of the same.

The commissioner further finds and reports, that by an inden-

ture made on the twenty-first day of November, A. D. 1843, between the intestate and his wife of the one part, and Jeremiah C. Powers and Artemas C. Powers, of the other part, the said Jeremiah and Artemas assumed upon themselves certain obligations, among which was the support of the intestate and his wife, and also the payment of $2,500,00, to wit: $500 to the missionary societies, and $2,000, to Lucy Smith, Daniel C. Powers, Mary Smith, Malinda Powers, Nicholas Powers, and Sarah Warner, children of the said intestate; and that at the same time, and as part of the same transaction, the intestate conveyed by deed, about three hundred acres of land, to the said Jeremiah and Artemas, and they mortgaged the same back, as security for the performance of their obligations in said indenture, and for the payment of the said $2,500,00.

The commissioner also finds and reports, that of the money, which the said Jeremiah and Artemas are, by the provisions of said indenture, under obligation to pay for the benefit of foreign missions, all but about sixty dollars remains unpaid, and that of the *amount which they are to pay to Lucy Smith, Daniel C. Powers, Mary Smith, Malinda Powers, Nicholas Powers, and Sarah Warner,* over one thousand dollars remains unpaid; but the said Nicholas Powers has been paid for his share in full; and that the said Jeremiah and Artemas have not assumed and are under no obligations to pay said sums, except by the provisions of said deeds and indenture, and are amply responsible to pay said sums, according to the provisions of said indenture. All the debts and liabilities against the estate of the said intestate, except that arising upon the aforesaid subscription, have been fully paid and satisfied, by the private contributions of the children of said intestate.

The county court, COLLAMER, J., presiding, rendered judgment that the decree of the probate court be affirmed, and the defendant be allowed his costs. To which the plaintiffs excepted.

*C. L. Williams* and *C. Linsley* for plaintiffs.

*Edgerton & Allen* for defendant.

BY THE COURT. In this case, it seems to us, the contract is not one which was revocable at the mere will of the intestate, like

a testamentary disposition of property, which, in whatever form it is made, does not become absolute and irrevocable, during the life of the donor.

2. It is not shown to have been fraudulent, as to the plaintiffs' debt, which, in fact, did not exist, for years subsequently.

3. Even the provision for the missionary societies and the children, which were made an absolute gift, and charge upon the real estate, cannot be regarded as in any sense revocable, during the life of the donor, or dependent upon his death.

4. We cannot therefore say, with any propriety, that the real estate should have been inventoried, as a part of the estate of the deceased.

5. It seems equally clear, that neither the $2,000, or the $500, can be regarded as sums due the estate. And the donees are not complaining of any want of redress, on their part. We do not see how the defendant is fairly chargeable, with any obligation to account for this property, in the general settlement of the estate.

Judgment affirmed.